COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Overton

F & S ELECTRIC MOTOR & TRANSFORMER COMPANY
and
LUMBERMENS MUTUAL CASUALTY COMPANY
                                        MEMORANDUM OPINION[*]
v.        Record No. 2325-95-1      BY JUDGE JOSEPH E. BAKER
                                          JULY 2, 1996
BERNARD L. O'HARA


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (William W. Nexsen; Timothy P. Murphy;
            Stackhouse, Smith & Nexsen, on brief), for
            appellants.  Appellants submitting on brief.

            No brief or argument for appellee.


    F & S Electric Motor & Transformer Company and its insurer

Lumbermens Mutual Casualty Company (jointly referred to herein as

employer) appeal the decision of the Workers' Compensation

Commission (commission) holding that it was not entitled to an

offset under Code § 65.2-313 from Bernard L. O'Hara's (claimant)

settlement of a third-party action.  Finding no error, we affirm

the commission.

    Claimant suffered a compensable injury on July 5, 1987.  The

claim was accepted as compensable and benefits were paid pursuant

to an award entered by the commission on April 27, 1988.

    Claimant entered into a settlement with a third-party

tort-feasor and received a gross recovery of $175,000.  Pursuant

to an agreement by the parties, one-third of that amount

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

($58,333.33) was paid to claimant's attorney for the third-party claim, one-third ($58,333.34) was paid to claimant, and one-third ($58,333.33) was paid to employer, whereupon employer received and signed a release.  The release, executed in Virginia before a notary by a representative of employer, read, in part, as follows:

> 1.   Release
> [Employer] agrees to Release and give up any and all claims and rights which [employer] may have against [claimant]; Bonnie O'Hara; Shipping Corporation of India, Ltd.; Norton-Lily International, Inc.; Sea Containers of America, Inc.; and Sea Containers Ltd., their underwriters and insurers.  This release acknowledges that [employer] waives the remainder of its lien of approximately $138,253.94 to this date.
>
> 2.   Payment
>
> [Employer] agrees that they have been paid a total of $58,333.33 in full payment for making this Release.  [Employer] agrees that they will not seek anything further including any other payment from any of the above named individuals arising out of the lawsuit and the claim by the O'Hara's [sic] against the defendant's named in the Civil Action.

On March 14, 1995, employer filed an application with the commission requesting suspension of benefits pending exhaustion of the third-party settlement.

The deputy commissioner held that under Code § 65.2-313 employer was only required to pay 23% of each submitted entitlement until the accrued, post-recovery entitlement equaled claimant's net recovery.

- 2 -

The commission reversed the deputy commissioner's decision, holding that through the release employer "waive[d] and abandon[ed] any additional subrogation rights it might otherwise have had" and concluded that employer was "estopped by the [settlement] agreement . . . to exercise the subrogation rights it . . . waived and abandoned."

Employer argues on appeal that the release it executed did not waive or abandon any additional subrogation rights it was entitled to, and, therefore, under Code § 65.2-313, employer is entitled to an offset.

Virginia follows the "plain meaning rule" when construing written instruments. Capital Commercial Properties, Inc. v. Vina Enterprises, Inc., 250 Va. 290, 294, 462 S.E.2d 74, 77 (1995). "'[W]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself . . . .'" Id. (quoting Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983)).

The release employer executed is unambiguous on its face. It states that employer, for the payment of $58,333.33, "give[s] up any and all claims and rights" it may have against the named persons. (Emphasis added.) In addition, the release discloses that employer agreed that it would "not seek anything further including any other payment from any of the above named individuals arising out of the [third-party] lawsuit." (Emphasis

added.)  Given the unambiguous terms of the release, the commission did not err in its interpretation of the release.

Accordingly, the decision of the commission is affirmed.

Affirmed.
